# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMOD PHILLIPS,** : | |
| Petitioner : | CASE NO. 3:17-CR-359 |
| v. : | (JUDGE MANNION) |
| **UNITED STATES OF AMERICA,** : | |
| Respondent : | |

## MEMORANDUM

Pending before the court is petitioner Amod Phillips' ("Phillips") Motion to Vacate, Set Aside, or Correct his 84-month sentence of imprisonment imposed on July 31, 2018. (Doc. 90). Phillips is currently serving his prison sentence at FCI Allenwood (medium) in White Deer, Pennsylvania. Phillips' motion is filed pursuant to 28 U.S.C. §2255 and is based upon the Supreme Court's decision in United States v. Davis, ⸺ U.S. ⸺, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019) (holding that the residual clause of 18 U.S.C. §924(c)(3)(B) is unconstitutionally vague and violated the Due Process Clause). Phillips claims that his conviction and sentence for a violation of 18 U.S.C. §924(c) must be vacated because his predicate offense of Hobbs Act robbery can no longer be considered a crime of violence. As relief, Phillips requests the court to vacate his conviction and sentence for a violation of

1

§924(c) arguing that it violates his due process rights. For the following reasons, the motion will be **DENIED**.

I. **BACKGROUND**[1]

On November 25, 2014, an Indictment was filed against Phillips and co-defendant Durrell Davenport based on their alleged involvement in a robbery of EFuel gas station in Scranton, Pennsylvania. (Doc. 1). The Indictment charged Phillips with the following offenses: Count 1, Conspiracy to Commit Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951; Count 2, Interference with Commerce by Robbery, in violation of 18 U.S.C. §1951 ("Hobbs Act" robbery); and Count 3, Use of a Firearm During and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §924(c). Counts 2 and 3 also included Aiding and Abetting, in violation of 18 U.S.C. §2 and Pinkerton liability.

On March 29, 2018, Phillips executed a written plea agreement. (Doc. 53). On April 9, 2018, Phillips pled guilty plea to Count 3 of the Indictment. Specifically, Count 3 charged that on June 8, 2017, Davenport and Phillips,

---

[1]Since the complete background of this case is stated in the motion and the briefs of the parties, it shall not be fully repeated herein. The factual background of this case is also detailed in the PSR. (Doc. 70, ¶'s 6-7).
The court notes that Phillips' co-defendant, Davenport, also filed a similar §2255 motion to vacate his conviction based on Davis.

2

aiding and abetting each other, did knowingly use, carry, brandish and possess forearms, namely, handguns, during and in relation to, and in furtherance of, a crime of violence, that is, the interference with commerce by robbery, committed at the EFuel Gas Station and Food Mart, a violation of violation of 18 U.S.C. §1951. (Doc. 1).

After Phillips' guilty plea, the court directed that a presentence investigation report ("PSR") be prepared.

The PSR was filed on July 3, 2018. (Doc. 70). The PSR indicated that Phillips and Davenport entered the Food Mart brandishing handguns, namely, Phillips brandished a silver revolver and Davenport brandished a black handgun. Both men pointed their handguns at the store clerk and demanded money. The men then removed money from the cash register and searched through the pockets of the store clerk. They stole approximately $266, and then fled from the store. (PSR ¶'s 6-7).

On July 31, 2018, Phillips was sentenced to a term of imprisonment for 84 months, followed by a 3-year term of supervised release. (Doc. 83).

Phillips did not file a notice of appeal with the Third Circuit regarding his judgment of sentence.

On April 10, 2020, Phillips filed, *pro se*, a motion for the court to appoint him counsel so that he could file a motion to vacate his conviction under §924(c) based on the Davis case. (Doc. 100).

3

On April 13, 2020, pursuant to this court's Standing Order 19-08, Phillips was appointed counsel from the Federal Public Defender Office, pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, to represent him and to assist him with filing a motion to vacate predicated on the Davis case. (Doc. 101).

On June 24, 2020, Phillips filed a counseled motion pursuant to 28 U.S.C. §2255. (Doc. 103). Phillips seeks the court to set aside his conviction and sentence on Count 3 of the Indictment. As such, Phillips' motion for the court to appoint him counsel, (Doc. 100), will be dismissed as moot.

The court directed the government to respond and, on August 18, 2020, the government timely filed its brief in opposition to Phillips' motion. (Docs. 107 & 109).

On August 31, 2020, Phillips filed his reply brief. (Doc. 111).

Having been fully briefed, Phillips' motion is now ripe for review.

**II.   STANDARD**

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant]

may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D. Pa. June 21, 2010) (citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D. Pa. Jan. 7, 2008) (quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir. 2003)). "The petitioner bears the burden of proof under §2255 and must

demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D. D.C. 2013) (citation omitted).

Additionally, "Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing", "[r]ather, Section 2255 is implicated only when the alleged error raises 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Williams v. United States, 2016 WL 6892375, *2 (M.D. Pa. Nov. 22, 2016) (internal citations omitted).

"If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate." United States v. Milan, 2020 WL 6682535, *2 (M.D. Pa. Nov. 12, 2020) (citing 28 U.S.C. §2255(b)).

**III.   DISCUSSION**

This court has jurisdiction over Phillips' motion under §2255 pursuant to 28 U.S.C. §§1331 and 2241.

In his §2255 motion, Phillips seeks to vacate his conviction under §924(c) as unconstitutional, claiming that the underlying predicate crime of Hobbs Act robbery no longer qualifies as a "crime of violence" under the rule announced by the Supreme Court in Davis. Since his motion was filed within

6

one year of the date on which the Davis decision was issued, (June 24, 2019), it is timely. *See* Milan, 2020 WL 6682535, *2 ("A federal prisoner may … file a §2255 motion within one year from '[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'") (citing 28 U.S.C. §2255(f)(3)). The court also finds no merit to the government's penultimate argument that Phillips' claim based on Davis is procedurally defaulted and that he could have raised this issue in 2017 when the case was initially charged. Phillips' instant constitutional vagueness challenge to §924(c)(3)(B) was not available to him prior to Davis. *See* In re Matthews, 934 F.3d 296 (3d Cir. 2019) (Third Circuit authorized petitioners' second or successive §2255 motions after the Davis case finding that they were timely and that the issue of whether "petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry."). *See also* United States v. Cunningham, 2020 WL 6504636 (M.D. Pa. Nov. 5, 2020) (after the Davis decision, the Third Circuit authorized defendant's second or successive Section 2255 motion to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. §924(c) claiming that his conviction as to this offense cannot rest on the residual clause of Section 924(c)(3)(B) since it is unconstitutionally vague).

The court will now consider the merits of Phillips' instant claim based on Davis.

As the court in Milan, 2020 WL 6682535, *2, explained:

Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. §924(c)(1)(A)(i)-(iii). The law further defines a "crime of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016).

In Davis, 139 S. Ct. at 2336, the Supreme Court held that the "residual clause" of §924(c)(3)(B) was unconstitutionally vague. Thus, a predicate crime of violence may now qualify only under §924(c)(3)(A), i.e., the "elements clause." The government points to the language of the Indictment which alleged a robbery in violation of 18 U.S.C. §1951(b)(1) served as the predicate for Phillips' §924(c) conviction. According to the government, the crime of violence to which Phillips pled guilty in Count 3 was based on Phillips' actual robbery at Food Mart. As the government explains, (Doc. 109 at 17-18), "the plain language of [Count 3 of] the indictment clearly indicates that the predicate offense for the 924(c) charge was interference with

8

commerce by robbery (i.e. Hobbs Act robbery), in violation of 18. U.S.C. §1951, resulting from the EFuel robbery incident", and that based on "the strict limitations on expanding the legal basis in a returned indictment, the only possible conclusion is that the charged predicate offense was that which was plainly stated in the indictment – an *actual* completed Hobbs Act robbery at the EFuel gas station – not conspiracy, not attempt, not aiding and abetting, and not a Hobbs Act robbery based upon Pinkerton liability."

Thus, the government contends that Phillips' conviction on Count 3 is predicated on a crime of violence under the elements clause of §924(c)(3)(A) and is not based on the residual clause.

Phillips maintains that the plain language of the Indictment for the substantive robbery offense in Count 2 and the §924(c) offense in Count 3 include aiding and abetting, as well as Pinkerton liability.

Further, the government states that Phillips' offense of Hobbs Act robbery, under the categorical approach, constitutes a crime of violence under §924(c)(3)(A), since such robbery is defined by its common law definition which does not include threats to intangible personal property.

Phillips counters by arguing that while Hobbs Act robbery encompasses the common law definition of robbery, the statutory definition is broader and that property includes "intangible things of value." (citing Third Cir. Model Crim. Jury Instr. 6.18.1951-5). Phillips contends that under the

9

categorical approach his §924(c) conviction should be construed as being based on the least culpable act alleged in Count 3, i.e., aiding and abetting Hobbs Act robbery or Pinkerton liability. Phillips also contends that since aiding and abetting Hobbs Act robbery and Pinkerton liability regarding such robbery do not categorically qualify as crimes of violence under the elements clause of §924(c), his conviction on Count 3 should be vacated based on the Davis case.

As the court in Milan, 2020 WL 6682535, *2 n. 1, noted:[2]

> [F]ollowing Davis, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§924(c)] definition of 'crime of violence.'" United States v. Johnson, 899 F.3d 191, 203 (3d Cir. 2018) (citing United States v. Wilson, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's ... offense, and not to the particular facts underlying the conviction." United States v. Lewis, 720 F.App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting United States v. Chapman, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing Wilson, 880 F.3d at 84).

The definition of Hobbs Act robbery, 18 U.S.C. §1951(b)(1), is:

The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury,

---

[2]Milan was decided after the parties filed their briefs in this case.

10

immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Based on the facts of this case, Phillips' conviction for Hobbs Act robbery falls squarely under §924(c)(3)(A), since he used, attempted to use, and threatened to use physical force against the Food Mart clerk when he pointed his handgun at the clerk during the robbery and took the money from the store. That is to say, Phillips' §924(c) conviction was based on the completed Food Mart robbery, the charge he pled guilty to in Count 3. Indeed, Phillips admitted that he committed the Food Mart store robbery and his admitted facts which form the basis of his §924(c) conviction establish the predicate offense of Hobbs Act robbery.

During his guilty plea colloquy, Phillips clearly admitted to all of the elements of a completed Hobbs Act robbery. (*See* Doc. 109 at 25) (citing N.T. April 9, 2018, 14-17). During the guilty plea colloquy, (Id.), the government summarized the evidence regarding the robbery, and stated, in relevant part, as follows:

> On June 8, 2017, an armed robbery occurred at the EFuel Gas Station in the 800 block of Pittston Avenue in Scranton . . . two males entered the store and brandished handguns . . . the robbers pointed their handguns at the store clerk and demanded money . . . [the robbers] removed money from the cash register and also searched the pocket of the store clerk looking for more money. Both robbers fled the store and approximately $266 in cash was taken.

11

The government also stated that "the first suspect in this case, later identified as Durrell Davenport, brandished . . . what appeared to be a black semi-automatic handgun . . . the second robber, later identified as Mr. Phillips, brandished a handgun which appeared to be a silver revolver . . ." (Id.) (citing N.T. 14-15).

After hearing the underlying facts during Phillips' plea colloquy, the court and the defendant, (Id. at 25-26) (citing N.T. 17), had the following exchange:

> The Court: Mr. Phillips have you listened carefully and do you agree with the government's summary of the evidence?
>
> Defendant Phillips: Yes, your honor.
>
> The Court: All right. Mr. Phillips, let me ask you more particularly, on June 8th of 2017, did you, along with another individual, enter the EFuel Gas Station on Pittston Avenue in Scranton for purposes of robbing that gas station?
>
> Defendant Phillips: Yes, your Honor.
>
> The Court: Now, during the time that you were in there, Mr. Phillips, did you possess or brandish a firearm, namely a silver handgun at that time?
>
> Defendant Phillips: Yes, your Honor.
>
> The Court: Now, Mr. Phillips, when you went in there to do that did you know that you did not have a legal right to use a weapon for purposes of stealing or taking money from anyone, including the gas station or anyone that was in the gas station?
>
> Defendant Phillips: Yes, your Honor.

The PSR then noted that "[Phillips] agree[d] with the offense conduct stated by the government at the guilty plea colloquy." (PSR ¶ 12).

As the court held in Milan, 2020 WL 6682535, *4, "[g]iven the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed [Hobbs Act] robbery properly underlies Defendant's Section 924(c) conviction." Further, as the record clearly shows, "the defendant pleaded guilty to being a principal, as opposed to being an aider and abettor or an admission based on Pinkerton liability." (Doc. 109 at 26).

In their briefs, the parties stated that following Davis, the Third Circuit did not yet decide whether Hobbs Act robbery in violation of 18 U.S.C. §1951(b) qualifies as a crime of violence under the elements clause, §924(c)(3)(A). (citing United States v. David Copes, C.A. No. 19-1494). However, after the briefs were filed, the Third Circuit issued a non-precedential opinion addressing whether Hobbs Act robbery qualifies as a crime of violence for purposes of §924(c) in United States v. Monroe, --- Fed.Appx.---, 2021 WL 50161 (3d Cir. Jan. 6, 2021).

First, in Monroe, *id.* at *1, the Third Circuit held that "[a]fter Davis, all cases analyzed under the elements clause must apply the categorical approach." The Court then considered the defendants' (Copes and Monroe) argument that "Hobbs Act robbery is … no longer a crime of violence under

18 U.S.C. §924(c) because §924(c)(3)(B) is unconstitutionally vague", and that "their convictions under §924(c)(3) must be vacated because Hobbs Act robbery does not satisfy the elements clause." In particular, the defendants "argue that Hobbs Act robbery does not qualify as a crime of violence because Hobbs Act robbery can be committed without the 'use, attempted use, or threatened use of physical force.'" *Id.*

The Third Circuit held that "Hobbs Act robbery is still a crime of violence under the 'elements prong' of §924(c) because Hobbs Act robbery satisfies §924(c)(3)(A) using the categorical approach." *Id.* The Court explained:

> Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." Section 924(c)(3)(A) defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

*Id.* (citation omitted).

Additionally, several other circuits have found that Hobbs Act robbery is categorically a crime of violence. (Doc. 109 at 19) (citing United States v. Garcia-Ortiz, 904 F.3d 102 (1st Cir. 2018); United States v. Hill, 890 F.3d 51 (2d Cir. 2018); United States v. Mathis, 932 F.3d 242, 265-66 (4th Cir. 2019); United States v. Buck, 847 F.3d 267, 274-75 (5th Cir. 2017); United States v. Gooch, 850 F.3d 285, 292 (6th Cir. 2017); United States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017); United States v. Jones, 919 F.3d 1064, 1072 (8th

14

Cir. 2019); United States v. Dominguez, 954 F.3d 1251, 1258-62 (9th Cir. 2020) (holding that [under the categorical approach] both Hobbs Act robbery and attempted Hobbs Act robbery are crimes of violence under §924(c) and, noting that "[a]ll of our sister circuits have considered this question too, and have held that Hobbs Act robbery is a crime of violence under the elements clause.") (string citations omitted); United States v. Melgar-Cabrera, 892 F.3d 1053, (10th Cir. 2018); In re St. Fleur, 824 F.3d 1337, 1341 (11th Cir. 2016); United States v. St. Hubert, 909 F.3d 335, 351-53 (11th Cir. 2018)).

Phillips argues that Hobbs Act robbery does not qualify as a crime of violence under the elements clause since it can also be completed by taking property from another by threatening to do damage to intangible property. However, in Monroe, 2021 WL 50161, *1-2, the Third Circuit addressed a similar argument and held:

> Copes and Monroe argue that the least culpable conduct necessary to commit Hobbs Act robbery does not meet the 924(c)(3)(A) definition. They present various non-violent hypotheticals as alternative means of committing Hobbs Act robbery through fear of injury to intangible property: making a restauranteur hand over money by threatening to scream rat in front of customers, making a shareholder hand over a wallet by threatening to start a boycott of the company on social media, or threatening pecuniary injury. These hypotheticals misconstrue the Hobbs Act robbery definition, and they misconstrue the definition of "physical force" under Section 924(c)(3)(A).
>
> Initially, we note that the defendants' hypotheticals do not present "more than the application of legal imagination." They do not point to any cases where courts have applied Hobbs Act robbery in the manner hypothesized. Moreover, their failure to do so is not surprising. Their

15

>   hypotheticals do not constitute the type of "injury" contemplated by the "fear of injury" included in Hobbs Act robbery. We have previously accepted dictionary definitions of "injure" to mean "to inflict bodily hurt on" or "[t]o do harm to, damage, or impair. To hurt or wound, as the person." We have concluded that these definitions "necessarily threaten[ ] the use of physical force." Thus, " 'fear of injury' cannot occur without at least a threat of physical force" sufficient to satisfy the elements clause for the "crime of violence" definition. In addition, there is evidence that "Congress intended the 'physical force' element to be satisfied by ... fear of injury."

(internal citations and footnotes omitted).

The court finds that the recent Monroe case as well as the above cited cases from the other circuits to be persuasive and concurs with their findings that Hobbs Act robbery is categorically a crime of violence under the elements clause. As the government indicates, "[t]he authority offered by the defense in support of []his proposition appear to be cases where the defendants were prosecuted for Hobbs Act *extortion*, rather than Hobbs Act *robbery*." (Doc. 109 at 21) (citing Scheidler v. National Organization of Women, Inc., 537 U.S. 393, 404-05 (2003); United States v. Local 560 of the Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, 780 F.2d 267, 281 (3d Cir. 1986)). In any event, the court does not find Phillips' argument to be convincing. *See* United States v. Walker, 473 F.3d 71, 78 (3d Cir. 2007) ("Congress's 'overriding purpose' in passing Section 924(c) 'was to combat the increasing use of guns to commit federal felonies.' The chief sponsor of this provision explained that 'the provision

16

seeks to persuade the man who is tempted to commit a Federal felony to leave his gun at home.'") (internal citations omitted). *See also* Monroe, 2021 WL 50161, *2 (the Third Circuit stated that "[defendants] use the wrong definition of physical force under §924(c)(3)(A)", and that "[t]he Supreme Court has concluded that 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person.'") (citations omitted).

Moreover, the Hobbs Act definition of "robbery" meets the common law definition of robbery. As comparison, the government, (Doc. 109 at 23-24), explains as follows:

> In a recent case interpreting the elements clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B)(i), the Supreme Court held that Florida's robbery statute met the common law definition of robbery. Stokeling v. United States, 139 S.Ct. 544 (2019). The Court found that common law robbery requires only so much force as may be necessary to overcome the resistance of the victim, no matter how slight that resistance might be. *Id.* at 550. Significantly, the Court went on to find that common law robbery falls within the elements clause of the ACCA predicate offense. *Id.* The Hobbs Act elements clause, 18 U.S.C. §924(c)(3)(A), tracks the ACCA's elements clause, 18 U.S.C. §924(e)(2)(B)(i). Since the Supreme Court found that common law robbery meets the elements clause for the ACCA, a more-than-fair inference can be drawn that Hobbs Act robbery also falls within the elements clause of Section 924(c)(3)(A).

As such, the court finds that Phillips was convicted of Hobbs Act robbery and that this offense is a crime of violence under elements clause, 18 U.S.C. §924(c)(3)(A). *See* Monroe, 2021 WL 50161, *2 ("When applying

17

the appropriate 'fear of injury' definition outlined above to the correct definition of physical force, Hobbs Act robbery is clearly a crime of violence."). Thus, post-Davis, Phillips' conviction and sentence on Count 3 remain valid.

In the alternative, Phillips argues that attempted Hobbs Act robbery or robbery based upon Pinkerton liability as charged in Count 3 do not qualify as a crime of violence. However, as explained above, and based on Monroe, 2021 WL 50161, *1-2, Phillips' §924(c) conviction did not rest on aiding and abetting or attempted Hobbs Act robbery, nor did it rest on Pinkerton liability. *See* Pinkerton v. United States, 328 U.S. 640 (1946). In Pinkerton, the Supreme Court held that a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." Milan, 2020 WL 6682535, *4 n. 2 (quoting United States v. Gonzales, 918 F.2d 1129, 1135 (3d Cir. 1990)). Rather, Phillips' conviction was based on his actual completed Hobbs Act robbery of the Food Mart. Thus, the court need not consider these alternate contentions of Phillips.[3]

---

[3]Even if the court considered Phillips' alternate arguments, it finds no merit to them. *See* United States v. McKelvey, 773 Fed.Appx. 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a

Thus, the court finds no merit to Phillips' claim in his §2255 motion and will deny his request to vacate his conviction and sentence on Count 3 of the Indictment. The court also finds that Phillips is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. *See* Monroe, 2021 WL 50161, *1-2. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

principal."). As the court in Milan, 2020 WL 6682535, *4 n. 3, noted, "upon considering whether aiding and abetting Hobbs Act robbery met the statutory criteria for a crime of violence under Section 924(c)(3)(A), the McKelvey court reasoned that '[a]iding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" *Id.* (citing 773 F. App'x at 75). "The [Third Circuit] thus concluded that a conviction for aiding and abetting a crime is treated the same as a conviction for the crime." *Id.* the Third Circuit then stated that "[b]ecause we have held that where a jury convicts a defendant of both Hobbs Act robbery and brandishing a gun, the Hobbs Act robbery conviction qualifies as a crime of violence under the elements clause, 18 U.S.C. §924(c)(3)(A)." 773 Fed.Appx. at 75 (citations omitted).

19

§2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Phillips has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims. *See* Monroe, 2021 WL 50161, *1-2.

## V. CONCLUSION

Based on the foregoing, the court **DENIES** Phillips' §2255 motion. **(Doc. 103)**. Phillips' *pro se* motion for the court to appoint him counsel, **(Doc. 100)**, will be dismissed as moot. An appropriate order shall follow.

*s/ Malachy E. Mannion*
Malachy E. Mannion
United States District Judge

**DATE: January 14, 2021**
**17-359-01**